Kevin Braniard DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–0426–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 20, 1990.

Rehearing Denied Jan. 24, 1991.

**4**

Jane Wynegar, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Pursuant to a plea bargain, appellant pled guilty to the court to the offense of possession of a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.116(b) (Vernon Supp.1991). The court assessed punishment at imprisonment for six years. We affirm.

Houston Police Officer A.J. Bonasto testified during the hearing on appellant's Motion to Suppress. On February 23, 1990, he was driving one of three patrol units dispatched to 4300 Sherwood Lane. The police dispatch reported there were "three black males selling drugs in front of apartment no. 8." Upon his arrival at that location, Officer Bonasto saw appellant and two other black males standing in a group directly in front of apartment no. 8. After seeing Officer Bonasto's patrol unit, the three men "made a hasty effort" to get into a vehicle parked next to where they were standing. Officer Bonasto pulled his vehicle behind theirs so they could not drive away. He then requested the men to step from their vehicle and place their hands on the patrol car.

With the assistance of another officer, Officer Bonasto conducted a pat-down search for weapons. Appellant was patted-down first because he was suspiciously wearing a long trench coat on a "warm day." When Officer Bonasto squeezed the right pocket of appellant's coat, he detected "a mass" which led him to believe appellant was carrying a weapon. For his own safety, he put his hand inside appellant's coat pocket and pulled out some keys, some papers and a matchbox. Officer Bonasto opened the matchbox and found a substance which field-tested positive for cocaine.

In two points of error, appellant claims his Motion to Suppress should have been granted because there were no circumstances justifying the stop and frisk, and even if such circumstances were present, the officer was without probable cause to search for weapons. When passing on a motion to suppress, the trial court is the exclusive trier of fact and its findings will be upheld if they are supported by the evidence. *Posey v. State*, 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). The trial court's findings in a pretrial hearing will not be disturbed absent a showing of an abuse of discretion. *Freeman v. State*, 723 S.W.2d 727, 729

(Tex.Crim.App.1986). At the conclusion of the suppression hearing, the trial judge made the following findings:

I'm going to find, as a finding of facts and conclusions of law, that the three areas of *Terry* were met. There certainly was indication that something out of the ordinary was taking place as a result of three dispatch calls. The behavior upon the scene of the persons satisfied the second requirement in that they are connected with suspicious activity. Thirdly, they got in the car to drive off, and that satisfies the third problem, that it was connected with the crime. Those actions were justified under *Terry v. Ohio*, for the officer to stop and detain, pat down and search for the protection of the officers. The officer pulled the bulge out of the pocket to see what it was.

Then the question becomes whether the officer had the right to open the container. Did the officers have probable cause to further search? They found a matchbox. Under the circumstances, the totality of the circumstances, the type of call they were on, what the citizens had complained of, the fact that the officer sees the matchbox at a time when most people keep the matches in folding cardboard containers and not in boxes, I believe that gives rise to at least probable cause for the officer to have looked in the matchbox to see what was in it, and this gave rise to seeing what appeared to him to be a controlled substance.

I find that the search of the matchbox was constitutional. I'm going to deny the Motion to Suppress.

 The trial judge found the requirements of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) were met. In *Terry*, the U.S. Supreme Court held that a police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause. *U.S. v. Sokolow*, 490 U.S. 1, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989). Officer Bonasto stopped and frisked appellant because he had a reason-able suspicion that criminal activity might be afoot. This conclusion is supported by articulable facts in the record. As described by the police dispatcher, appellant was of the three black males standing in front of apartment no. 8. Appellant and the two other men attempted to flee when they saw Officer Bonasto's patrol car. Appellant was the driver of the vehicle. He was also the only one wearing a trench coat on a sixty-five degree day. Officer Bonasto testified that he searched appellant first because:

[appellant] had a coat on a warm day, and from experience, it tells me usually that somebody is trying to hide something under the coat.

Officer Bonasto further testified as to the manner of that search:

I squeezed the pocket from the outside of the overcoat, and when I squeezed the pocket on the right-hand side is when I detected a mass of what was an unknown property at that time. It was solid enough to make me suspect it could have been a weapon, and [sic] the reason of officer safety, I my put hand on the inside of the right pocket of the coat.

Appellant argues his conduct was as consistent with innocent activity as with criminal activity. He contends this conclusion is supported by the fact that the information received by the police was from an anonymous caller and did not contain a sufficient physical description of him to justify an investigative stop. *Glass v. State*, 681 S.W.2d 599 (Tex.Crim.App.1984).

 In evaluating the validity of an investigative stop, the totality of the circumstances must be considered. *Sokolow*, 109 S.Ct. at 1587. Innocent behavior will frequently provide the basis for a showing of [reasonable suspicion]. Hence, in making a determination of [reasonable suspicion], the relevant inquiry is not whether particular conduct is "innocent" or "guilty," but the degree of suspicion that attaches to particular noncriminal acts. *Sokolow*, 109 S.Ct. at 1587. While an anonymous telephone call will not alone justify a warrantless search or arrest, it will justi-

fy the *initiation* of a police investigation. *Davis v. State*, 794 S.W.2d 123, 125 (Tex. App.—Austin 1990, pet pending.).

Officer Bonasto initiated his investigation into the alleged sale of narcotics and then was confronted with additional facts which justified his brief detention of appellant. The officer was familiar with the location to which he was dispatched because it was part of his regular beat. He observed individuals who matched the description in the dispatch with regard to their gender, race, number, and location. Those individuals quickly attempted to leave when they saw the officer. One of those individuals was the appellant who was wearing suspicious clothing. Taken as a whole, the circumstances created a reasonable suspicion for the officer to believe that appellant might be engaged in criminal activity.

Finally, appellant argues that Officer Bonasto did not have probable cause to open the matchbox. In fact, appellant argues that probable cause cannot arise from a *Terry* stop. To the contrary, a search for narcotics may be justified where an officer's search for weapons unexpectedly produces evidence providing or contributing to probable cause to believe that the person being searched possesses narcotics. *Mitchell v. State*, 632 S.W.2d 774, 777 (Tex.App.—1982, pet. granted), *rev'd on other grounds*, 645 S.W.2d 295 (Tex.Crim.App.1983). The police dispatch reported that individuals were selling narcotics. Appellant was wearing clothing which could easily conceal narcotics. Appellant was also attempting to flee and the officer had no time to procure a search warrant. In addition, Officer Bonasto testified that he had seen narcotics hidden before in cardboard matchboxes.

Under the doctrine of "plain view," it is not required that it be immediately apparent to the officer that the substance or property in plain view is contraband. *Miller v. State*, 667 S.W.2d 773, 776 (Tex.Crim. App.1984), citing *Brown v. Texas*, 460 U.S. 730, 736-37, 103 S.Ct. 1535, 1540-41, 75 L.Ed.2d 502 (1983). It is only necessary that the officer have probable cause to associate the property with criminal activity. *Id.* To the trained eye of Officer Bonasto, the distinctive character of the cardboard matchbox itself indicated its contents. *Brown*, 460 U.S. at 743, 103 S.Ct. at 1543-44. Finally, Officer Bonasto testified that he was looking for a razor blade or "any weapon that might be used to hurt [him]" when he opened the matchbox. We find that Officer Bonasto had probable cause to open the matchbox. The trial judge did not abuse his discretion in overruling appellant's motion to suppress. Accordingly, we overrule appellant's two points of error and affirm the judgment of the trial court.