NO. 07-10-00388-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 3, 2011

_____

IN RE YORKSHIRE INSURANCE CO., LTD. AND OCEAN
MARINE INSURANCE CO., LTD., RELATORS

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**OPINION**

Relators, Yorkshire Insurance Company, Ltd., and Ocean Marine Insurance Company, Ltd. (collectively "Insurers"), filed a petition for writ of mandamus seeking the overruling of respondent's, the 84th District Court of Hutchinson County, Texas, August 17, 2010 discovery order that certain documents were privileged and that quashed a request to depose Cynthia Gillman Fisher. Real Parties in Interest, Roy Seger, the estate of Shirley Faye Hoskins, Diatom Drilling Company, and Cynthia Gillman Fisher (collectively, "the Segers"), filed a response urging this Court to deny Insurers' request for mandamus relief. We will deny Insurers' petition for writ of mandamus.

Background[1]

After this Court reversed and remanded certain issues in this case on direct appeal, see Yorkshire Ins. Co., 279 S.W.3d at 775, Insurers filed a Notice of Deposition seeking to depose Cynthia Gillman Fisher.[2] Gillman was the general partner of Diatom, who was the insured under a comprehensive general liability policy that assigned its right to bring a Stowers[3] action against Insurers to Roy Seger and Shirley Faye Hoskins. In response, the Segers moved to quash the deposition of Gillman and for protective order regarding certain documents that had been held privileged by the trial court by order dated December 14, 2004, but that had subsequently become part of the appellate record.[4]

In the direct appeal resulting in remand, Insurers challenged the trial court's ruling that the documents now sought to be protected by the Segers were privileged as work product and attorney-client communications. Our review of the record revealed that, "[s]ome of the evidence sought by Insurers was included in the appellate record in

---

[1] We will limit our discussion of the facts and procedural history in this opinion to those that are directly relevant to our disposition of this matter. For a more complete recitation of the facts and procedural history of this litigation, see our June 20, 2007 opinion. See Yorkshire Ins. Co. v. Seger, 279 S.W.3d 755 (Tex.App.—Amarillo 2007, no pet.).

[2] In an effort to be consistent with our prior opinion, further reference to Cynthia Gillman Fisher will be by reference to Gillman.

[3] See G.A. Stowers Furniture Co. v. Am. Indem. Co., 15 S.W.2d 544, 548 (Tex. Comm'n App. 1929, holding approved).

[4] Specifically, the documents at issue in this proceeding are identified as "Privileged Documents 1-44 Delivered from Jody Sheets to Mark N. Buzzard in Open Court on January 8, 2003." Further reference to "the documents" will be references to the documents so identified and appearing unsealed in the appellate record.

this cause." Id. at 773. Further, we noted that, "[a]fter reviewing all of the documents provided to the trial court for *in camera* inspection [which remain under seal in the appellate record], the documents Insurers seek by this issue are duplicates of the documents that were included in the appellate record [unsealed]." Id. at 774. Because nothing in the appellate record reflected that Diatom or Gillman had asserted any claim that these documents were privileged after they were publicly disclosed, we concluded that, for the present litigation, "Diatom's prior assertion of privilege as to these documents has been waived." Id. at 773. However, we expressly noted that, because Diatom was no longer a party to the case, our determination that Diatom had waived its prior assertion of privilege in that appeal was not a determination that Diatom had actual knowledge of the disclosure or that it had waived its right to subsequently assert the privilege. Id. at 773 n.28.

The trial court held a hearing on the motion to quash the deposition of Gillman and for protective order relating to the documents. During this hearing, Diatom[5] asserted that the documents were privileged and that it had not voluntarily produced the documents to anyone other than when they were submitted to the trial court for *in camera* inspection. Diatom suggested that the documents must have been erroneously included unsealed in the appellate record by the district clerk. Further, the Segers

[5] During this hearing and in the briefs submitted in this mandamus proceeding, the Segers appear to contend that Diatom and Gillman have separate rights to claim privilege in regard to these documents. However, it is clear that Gillman's participation in this case has always been as a representative of Diatom and not in her individual capacity. Further, the trial court's December 14, 2004 order finding these documents to be privileged was based on Diatom's assertion of privilege, rather than Gillman's. As such, while we recognize that Gillman is the individual that possesses the right to assert the privileges, in this case and as to these documents, she holds that right as the representative of Diatom.

contended that Insurers had already deposed Fisher for the allotted ten hours and that the entirety of this deposition was conducted before the trial court ruled on Diatom's claim that these documents were privileged. Insurers responded by contending that this Court had already determined that Diatom's claim of privilege as to these documents had been waived and that, to the extent that we did not so hold, it was because the record did not establish whether Diatom was actually aware of the public disclosure of these documents. Insurers then presented evidence that Diatom was actually aware of the public disclosure of these documents by October 31, 2005, and that it took no action to assert its claim of privilege relating to these documents until it filed its motion to quash and for protective order on February 8, 2010. Insurers also contended that they had a substantial need for additional time to depose Gillman because they did not know the contents of these documents until after they had completed their deposition of Gillman and these documents go to the heart of Insurers' <u>Gandy</u>[6] defense to the pending Stowers action. At the close of this hearing, the trial court took the issue under advisement. Subsequently, on August 17, 2010, the trial court issued its order quashing the deposition of Gillman and further finding that the documents are privileged and may not be used in this litigation. The trial court's order additionally orders that all parties and counsel return any copies of these documents to Gillman's attorney within 30 days of the order and that the district clerk place any unsealed copies of these documents in the clerk's record under seal.

By their petition for writ of mandamus, Insurers contend that they are entitled to mandamus relief because the trial court clearly abused its discretion by (1) ruling that

---

[6] See <u>State Farm Fire & Cas. Co. v. Gandy</u>, 925 S.W.2d 696, 714 (Tex. 1999).

documents filed in the public records of an appellate court for many years are subject to a claim of privilege, (2) failing to apply the snap back procedures of Texas Rule of Civil Procedure 193.3(d) to Diatom's assertion of privilege, (3) prohibiting the use of the documents in the underlying litigation, requiring all parties and lawyers to return all copies of the documents, and ordering public records sealed without compliance with applicable rules, and (4) failing to apply the crime-fraud exception to Diatom's claim of privilege. Insurers also contend that the trial court's abuse of discretion leaves them with no adequate remedy by appeal because the challenged order vitiates Insurers' ability to present their Gandy defense. We disagree with Insurers' contention that the trial court's order denies them an adequate remedy by appeal.

## Standard of Review

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no discretion in determining what the law is or in applying the law to the facts. Walker, 827 S.W.2d at 840. When mandamus is sought to overcome a trial court's conclusion that evidence is privileged, this Court must determine whether the party asserting the privilege has discharged its burden of proof. See Barnes v. Whittington, 751 S.W.2d 493, 494 (Tex. 1988). An appellate remedy is not inadequate because it may involve more expense or delay than obtaining an extraordinary writ, rather it is inadequate only when parties stand to lose their substantial rights. Walker, 827 S.W.2d

5

at 842. Whether ordinary appeal can provide an adequate remedy to a trial court's abuse of discretion depends on a careful analysis of the costs and benefits of interlocutory review. In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 464 (Tex. 2008). This balancing analysis recognizes that the adequacy of an appeal depends on the facts involved in each case. Id. at 469.

The Adequacy of Appeal

For purposes of this analysis, we will assume without deciding that Insurers met their burden to establish that the trial court clearly abused its discretion in issuing its August 17, 2010 discovery order. However, to establish their entitlement to mandamus relief, Insurers must also establish that ordinary appeal would not provide them adequate relief. See In re Prudential, 148 S.W.3d at 135-36; Walker, 827 S.W.2d at 839. In attempting to meet this burden, Insurers contend that the trial court's order denies discovery going to the heart of Insurers' Gandy defense, and denies the reviewing court evidence that would be necessary for it to determine whether the trial court's erroneous order was harmful.[7]

As this Court has previously recognized, the general rule in a Stowers action is that damages are fixed as a matter of law in the amount of the excess of the judgment

---

[7] Both of Insurers' contentions regarding how the trial court's discovery ruling denies them an adequate remedy by appeal are categories of discovery rulings that were identified by the Texas Supreme Court as rulings that would render appeal inadequate. See Walker, 827 S.W.2d at 843. However, the ad hoc categorical approach employed in Walker has subsequently been rejected by the Texas Supreme Court in favor of the balancing of costs and benefits of mandamus review, as presented in In re Prudential, 148 S.W.3d at 136. See In re McAllen Med. Ctr., 275 S.W.3d at 468-69.

rendered in the underlying suit in favor of the plaintiff over the applicable policy limits. See Yorkshire Ins. Co., 279 S.W.3d at 772. However, the Texas Supreme Court has created an exception to this general rule when the insured assigns his Stowers claim to the plaintiff in the underlying suit. See Gandy, 925 S.W.2d at 714. When such an assignment occurs, the underlying judgment is not only not conclusive, but is inadmissible as evidence of damages unless rendered as the result of a "fully adversarial trial." Id. In making the determination whether an underlying judgment was the result of a fully adversarial trial, we must review the extent to which the parties to the underlying proceeding participated. See Yorkshire Ins. Co., 279 S.W.3d at 772 n.25 (citing Gandy, 925 S.W.2d at 713). When the judgment is an agreed judgment, default judgment, or when the underlying defendant's participation is so minimal as to evidence that the hearing was not adversarial, the judgment resulting from that hearing may not be admitted as evidence of damages in the Stowers action. Id. (citing Gandy, 925 S.W.2d at 713, 714).

In analyzing Insurers' Gandy defense in the initial appeal of this case, we noted that the Segers' only evidence of damages in the Stowers action was the judgment from the underlying suit, and that the trial court could only direct a verdict on damages in favor of the Segers if the Insurers failed to raise a genuine issue of material fact regarding the reliability of the judgment as evidence of Diatom's damages. See id. at 773. In other words, we had to determine whether Insurers raised a genuine issue of material fact regarding whether the judgment from the underlying suit was the result of a fully adversarial trial. Our conclusion that the evidence raised such a genuine issue of material fact did not rely on anything contained within the documents or from the

7

deposition testimony of Gillman.[8]  Thus, our review of Insurers' <u>Gandy</u> defense was limited to a review of Diatom's participation in the underlying proceeding.

In the instant petition for writ of mandamus, Insurers contend that the trial court's order denying them the ability to use the documents and to further depose Gillman "precludes Insurers from forging their <u>Gandy</u> defense" because this discovery "is essential to Insurers' defense," and "going through another trial without this vital evidence would result in an utter waste of judicial and party resources."  We cannot agree with these assertions.  During the first trial of this Stowers action, Insurers raised their <u>Gandy</u> defense, which was rejected by the trial court.  However, on appeal, this Court found that the evidence raised a genuine issue of material fact regarding the defense without considering the documents.  <u>See</u> <u>id.</u>  If, as Insurers now contend, the documents and the additional deposition of Gillman are essential, vital, and necessary to avoid an utter waste of judicial resources, then their assertion of the <u>Gandy</u> defense in the initial Stowers action would have been the assertion of a defense that Insurers were aware could not be supported by the available evidence.[9]  However, this was not the case because, as we found, <u>see</u> <u>id.</u>, it is a review of Diatom's participation in the underlying proceeding that determines whether the judgment in that proceeding resulted

---

[8] Specifically we stated, "Insurers raised the question of whether the judgment in the underlying action was the result of a fully adversarial trial.  As evidence that it was not, Insurers correctly indicated that Diatom was not represented by counsel at the trial in the underlying suit, made no opening or closing statements, offered no evidence, and conducted no cross-examination of the Segers' witnesses.  Further, Insurers cite the trial court's own characterization of this proceeding as a *nihil dicit* prove up."  <u>Id.</u>

[9] This is so because the documents did not become part of the public record until after judgment in the initial Stowers action had been issued and the appellate record was prepared.

from a fully adversarial trial. See Gandy, 925 S.W.2d at 713. While we certainly understand Insurers' desire to have the documents and Gillman's additional deposition testimony available to bolster their Gandy defense, we cannot conclude that this evidence is of such a vital nature as to justify this Court's interlocutory interference with the trial court's discovery rulings. See In re McAllen Med. Ctr., Inc., 275 S.W.3d at 464.

## Conclusion

Because this Court concludes that Insurers have failed to meet their burden to show how the trial court's August 17, 2010 discovery order denies them an adequate remedy by appeal, Insurers' petition for mandamus relief is denied.[10]

Mackey K. Hancock
Justice

---

[10] Because the trial on the remanded issues was scheduled to begin on November 1, 2010, Insurers filed a motion for stay of trial pending this Court's resolution of the current mandamus proceeding. We granted that motion. As this opinion resolves the current mandamus action, we now vacate our prior stay order.