

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00108-CV

_____


IN RE:  LUMBERMEN'S UNDERWRITING ALLIANCE



Original Mandamus Proceeding



Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

# OPINION

Lumbermen's Underwriting Alliance has petitioned this Court for mandamus relief from a discovery ruling. After the factory of Master Woodcraft Cabinetry, L.L.C. (MWC) was destroyed by fire, a claim was filed with Lumbermen's, the insurer, for losses incurred. MWC retained an adjusting firm, Adjusters Group, L.L.C., to assist in filing the claim. Lumbermen's sought to obtain a great many documents from Adjusters,[1] but MWC objected to these discovery requests, claiming the documents were protected by attorney-client and/or work-product privilege. After the trial court sustained MWC's claims of privilege, Lumbermen's filed this petition. Lumbermen's asks this Court to either compel Adjusters/MWC to produce the documents or to require the trial court to compel the production of a privilege log and then to conduct an in-camera inspection of the withheld documents.[2] We conditionally grant the petition for writ of mandamus.

## I.    Mandamus Requirements

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial

---

[1]From the mandamus record filed with this Court, it appears that two individuals, Gerald Marshall and Robert Snyder, acted on behalf of Adjusters in the engagement that is the subject of this petition. Our references to Adjusters include both the firm and its agents unless stated otherwise.

[2]According to the parties' briefs and their representations at oral argument, the underlying claim for damages has been settled. This case apparently involves MWC's extracontractual claims and Lumbermen's defenses to those claims.

2

court clearly abuses its discretion when it reaches a decision "so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or it clearly fails to correctly analyze or apply the law." *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840.

## II.     Abuse of Discretion—Assertion of Privilege

The first issue we must address is whether the trial court abused its discretion in sustaining MWC's claims of privilege and denying Lumbermen's motion to compel the production of the disputed documents. The law recognizes that certain information is privileged. If a party believes information is privileged, the party has a right to assert that privilege in accordance with Rule 193.3 of the Texas Rules of Procedure. TEX. R. CIV. P. 193.3. Here, MWC objected to Lumbermen's discovery requests by asserting that the information sought was protected by the attorney-client and/or the work-product privilege. Rule 193.3 sets out the procedure to be followed in such an instance; in response to a discovery request, a party claiming privilege may withhold the privileged material or information from its response. TEX. R. CIV. P. 193.3(a). If a party chooses to withhold, then that party must disclose that responsive material has been withheld, identify the requests to which the material is responsive, and identify the privilege or privileges asserted. *Id.* The party seeking discovery may then serve a written request asking the withholding party to identify the withheld information and material. Within fifteen days, "the withholding party must serve a response" describing the withheld material or information, without divulging the privileged information itself or waiving the privilege, but in a

manner that allows the requesting party to assess the applicability of the claimed privilege. The claiming party must also assert a specific privilege for each item or group of items withheld. TEX. R. CIV. P. 193.3(b). This response identifying withheld items is commonly called a privilege log. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 221 n.1 (Tex. 2004) (orig. proceeding) (per curiam). With one significant exception, preparation and service of a privilege log is mandatory when such has been timely requested. TEX. R. CIV. P. 193.3(b). A party is not required to file a privilege log for communications or documents to or from its attorney or for privileged documents of a lawyer or lawyer's representative. TEX. R. CIV. P. 193.3(c). This discovery procedure was invoked in this matter.

After receiving MWC's objections to its discovery requests,[3] Lumbermen's sent MWC a request for a privilege log pursuant to Rule 193.3(b). MWC invoked the exception to the privilege log filing requirement and declined to produce a log, claiming that 193.3(c) relieved it of this burden.

Here, we are concerned with the mechanism for establishing whether responsive material is privileged. In arguing that a privilege log is not required under the facts of this case, MWC relies on a comment to Texas Rule of Civil Procedure 193.3, which states, "A party need not state that material created by or for lawyers for the litigation has been withheld as it can be assumed that such material will be withheld from virtually any request on the grounds of attorney-client privilege or work product." TEX. R. CIV. P. 193.3 cmt. 3. The comment further

---

[3]Lumbermen's requested 111 categories of documents, information, and material; to 84 of these MWC objected that the requests sought material that is, *inter alia*, "privileged under the attorney-client and/or work product privileges and/or as confidential."

4

states that "the rule does not prohibit a party from specifically requesting the material or information if the party has a good faith basis for asserting that it is discoverable." *Id*.

The purpose of a privilege log is to identify the material that has been withheld and the specific privilege or privileges under which it was withheld so that the claim of privilege may be evaluated. Some privileged information is entitled to more procedural protection than other such information. For instance, even though other privileged information may exist, only communications to or from a lawyer or lawyer's representative or privileged documents of a lawyer or lawyer's representative are exempt from the privilege log disclosure. TEX. R. CIV. P. 193.3(c); *see also* TEX. R. EVID. 503(b)(1)(A), (D). The law also recognizes a distinction between the work-product privilege protection for core-work product—the work product of an attorney that contains mental impressions, opinions, conclusions, or legal theories—and that for the work product of a party. TEX. R. CIV. P. 192.5. The work product of an attorney is not discoverable, but the work product of others may be if the party seeking it can show a substantial need for it. TEX. R. CIV. P. 192.5(b)(2). MWC is correct in arguing that it has no obligation to produce a privilege log for attorney (or the attorney's representatives) communications or documents, but is incorrect in asserting that all of the work product of MWC's nonattorney representatives is exempt from the privilege log requirement.

At the last of three hearings contained in the mandamus record, MWC argued it was not required to produce a privilege log. In support of this argument, MWC tendered a few (nine or ten) documents for in-camera inspection by the trial court and told the court those documents were representative of the 6,000 withheld documents. MWC argued that the tendered documents

5

would show that all of the withheld documents were generated in anticipation of litigation. Proof that these documents were prepared in anticipation of litigation by a party or party's representative may indicate that those specific documents were protected as work product, but that is not enough to qualify for the privilege log exemption of Rule 193.3(c). *See* TEX. R. CIV. P. 193.3(c).

MWC argues it was not required to file the privilege log because the affidavit filed by Gene Ponder, Chief Executive Officer for MWC, establishes a prima facie showing of attorney-client and work-product privileges. Ponder's affidavit states that Adjusters and its employees were representatives of MWC and were authorized to discuss the case with MWC's attorneys and even act on legal advice from MWC's attorneys. Ponder's affidavit further asserts that Adjusters was employed within a month of the fire and that all of the correspondence or communication between Ponder and third parties, such as Adjusters, was intended to remain confidential and privileged.[4] Assuming that all of the factual assertions in Ponder's affidavit are true, MWC has

---

[4]A summary of Ponder's affidavit follows:

• Ponder began consulting with Adjusters in October 2011, and Ponder anticipated a dispute, including possible litigation, with Lumbermen's.

• Ponder had the authority to obtain and to have his representatives, agents, and/or consultants obtain legal services on behalf of MWC.

• Ponder had authority to designate representatives of his choosing to act on MWC's behalf in communicating with MWC's attorneys and on behalf of MWC. Ponder considered Adjusters to be MWC's representative, agent, and/or consultant.

• Adjusters was MWC's representative, agent, and/or consultant when communicating with MWC's attorneys regarding this case.

• Adjusters had authority to obtain legal services and/or act on legal advice rendered on MWC's behalf regarding this case.

6

still failed to demonstrate that all of the 6,000 withheld documents are exempt from the privilege log requirement of Rule 193.3. Further, this affidavit does not purport to assert a particular privilege "for each item or group of items withheld." TEX. R. CIV. P. 193.3(b)(2). In fact, no particular item or group of items is even identified.

The affidavit of Ponder suggests that MWC may have some work-product documents; that may be the trial court's conclusion after reviewing the log or, if necessary, an in-camera review. Even if the documents are the privileged work product of MWC or its representatives, they may still be subject to discovery in accordance with Rule 192.5(b)(2).[5]

---

- Adjusters had authority to make/receive confidential communications with MWC and/or MWC's attorneys while acting in the scope of its agency/employment with MWC.

- The communications, documents, and information exchanged between MWC's attorneys and MWC are privileged, confidential, and private because they were exchanged for the purpose of facilitating rendition of legal services for MWC. These materials were not intended to be disclosed to third persons other than to those to whom disclosure was made in furtherance of the rendition of legal services.

- The communications, information, and documents exchanged between Adjusters and MWC's attorneys are privileged, confidential, and private because they were exchanged to facilitate the rendition of legal services to MWC.

- These communications, information, and/or documents were made and/or received while Adjusters was acting in the scope of its capacity as representative, agent, and/or consultant for MWC.

- Communications, documents, and/or information exchanged among Adjusters and MWC are privileged and confidential and were made for the purpose of facilitating legal representation and in anticipation of litigation or trial or were materials prepared or mental impressions developed in anticipation of a dispute including possible litigation or trial; there was an expectation of privacy, confidentiality, and privilege in these communications, information, and/or documents.

- By forwarding and/or copying communications, information, and/or documents to "third persons, including, but not limited to, Richard Anderson, Randy Akin, or Randall Taylor," Ponder did not waive or intend to waive privileges and confidentialities attached to all documents/communications exchanged between MWC and or its agent, representatives, consultants, and MWC's attorneys.

[5]"Any other work product is discoverable only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means." TEX. R. CIV. P. 192.5(b)(2).

The Rule authorizing a party to withhold privileged documents from discovery without furnishing a privilege log,[6] provides that "a party may withhold a privileged communication to or from a lawyer or a lawyer's representative," or a "privileged document of a lawyer or lawyer's representative" created or made from the point in time when a party consults the lawyer with an eye toward obtaining the lawyer's services for the specific claim or suit in which the discovery is requested. TEX. R. CIV. P. 193.3(c). Ponder's affidavit explains that MWC hired Adjusters— they were MWC's representatives, not representatives of a lawyer. There is no evidence that all of the 6,000 withheld documents are privileged communications or documents from, to, or by a lawyer or lawyer's representative. Many of the requested items involved communications and documents not involving lawyers or their representatives.

The trial court sustained MWC's assertions of privilege and objections to Lumbermen's deposition on written questions. This ruling and the failure to require MWC to produce a privilege log precluded Lumbermen's from meaningfully assessing and contesting MWC's broad privilege claim as to 6,000 documents. It was MWC's burden to make a prima facie showing that the attorney-client or work-product privileges applied and to produce some evidence to support its assertion of privilege. *See In re USA Waste Mgmt. Res.*, *L.L.C*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding); *see also In re Yorkshire Ins. Co.*, 337 S.W.3d 361, 364 (Tex. App.—Amarillo 2011, orig. proceeding) (in mandamus proceeding,

---

[6]When construing rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding). We first look to the plain language of the rule and construe it according to its plain or literal meaning. *See, e.g.*, *In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009). In doing so, we keep in mind that the Rules of Civil Procedure are given a liberal construction so as "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." TEX. R. CIV. P. 1.

8

reviewing court looks to whether party asserting privilege discharged burden).  A log was critical to evaluating MWC's privilege claims.  Although we do not find that an in-camera review is required at this point, we note that "a trial court abuses its discretion when it fails to conduct an adequate in camera inspection of documents when such review is critical to evaluation of a privilege claim."  *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 261 (Tex. 2005) (orig. proceeding).

## III.     Inadequate Remedy by Appeal

To determine whether a party has an adequate remedy by appeal, we apply a balancing test.  *See Prudential*, 148 S.W.3d at 136; *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding).  Under this test, a remedy available on direct appeal is adequate when the detriments of mandamus review outweigh the benefits.  *Prudential*, 148 S.W.3d at 136.  When mandamus is sought to overcome a trial court's conclusion that evidence is privileged, the appellate court must determine whether the party asserting the privilege has discharged its burden of proof.  *Yorkshire Ins. Co.*, 337 S.W.3d at 364–65 (citing *Barnes v. Whittington*, 751 S.W.2d 493, 494 (Tex. 1988)).  An appellate remedy is not inadequate because it may involve more expense or delay than obtaining an extraordinary writ, rather it is inadequate only when parties stand to lose their substantial rights.  *Walker*, 827 S.W.2d at 842.  Whether ordinary appeal can provide an adequate remedy to a trial court's abuse of discretion depends on a careful analysis of the costs and benefits of interlocutory review.  *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).  This balancing analysis recognizes that the adequacy of an appeal depends on the facts involved in each case.  *Id.* at 469.

9

An appeal is an inadequate remedy when the court erroneously orders disclosure of privileged information. *In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (orig. proceeding) (per curiam). The Texas Supreme Court has held that the denial of discovery in the absence of evidence substantiating the claim of privilege was an abuse of discretion requiring mandamus relief. *Weisel Enters.*, *Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986). In *Weisel*, the party resisting discovery filed a list of documents that it claimed to be privileged attorney-client and work-product documents. The trial court was requested to review the documents in camera, but refused. While our present Rules do not necessarily require an in-camera review, they do require that a privilege log be presented so that some manner of review by the trial court may be accomplished. Based on the similarity of the facts involved in this case and the *Weisel* case, we believe the relator has shown that the remedy by appeal is inadequate. Here, none of the disputed documents are contained in the mandamus record, no privilege log was prepared, and the trial court was never presented with an opportunity to examine the documents.

When material is properly requested for discovery, a party asserting a privilege must serve a response describing the material withheld and asserting a specific privilege for each item or group of items withheld. The only exception to this filing applies to privileged information from lawyers and their representatives. We find the trial court abused its discretion in not requiring the production of a privilege log so that the claim of privilege could be properly assessed.

We conditionally grant the petition for mandamus relief. The trial court is directed to vacate its previous order of September 17, 2013, insofar as it relates to assertions of privilege and

10

to conduct further proceedings in accordance with this opinion.  We are confident the trial court

will promptly comply, and our writ will issue only if it does not.

 

 

 

Jack Carter
Justice

Date Submitted:     December 4, 2013
Date Decided:       January 16, 2014