

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00085-CV

_____

IN RE JUDITH SHOEMAKER GIBSON

Original Mandamus Proceeding

Before Moseley, Burgess, and Carter,* JJ.
Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

O P I N I O N

The day before the statute of limitations ran, Suzanne Jean Shelby sued Judith Shoemaker Gibson for alleged damages sustained in an October 23, 2015, motor vehicle accident. She did not, however, properly serve Gibson until April 11, 2017. Gibson filed a motion to dismiss, alleging that Shelby had not exercised due diligence in serving Gibson with citation. The trial court denied Gibson's motion. Gibson now petitions this Court for mandamus relief, asking us to compel the trial court to dismiss Shelby's suit. We deny Gibson's request.

## I.     Mandamus Standard

To be entitled to mandamus relief, the relator must show (1) that she has no adequate remedy at law and (2) that the action she seeks to compel is ministerial, not one involving a discretionary or judicial decision. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *see Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994). Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

In addition to showing that the trial court had no option but to have performed the act urged by the relator, the relator must also have no adequate remedy at law. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). "When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *Id*. The Texas Supreme Court described this balancing as "practical and prudential." *Id*. While the Texas

2

Supreme Court has "tried to give more concrete direction for determining the availability of mandamus review, rigid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue." *Id.* The Texas Supreme Court reaffirmed the rule that "an appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraneous writ."[1]

## II. Proceedings in the Trial Court

On March 2, 2017, the trial court notified Shelby's counsel that the case was set for dismissal for want of prosecution, and a hearing was scheduled on April 3, 2017. *See* TEX. R. CIV. P. 165a. On April 3, Shelby filed a motion to retain the case on the docket, which the trial court granted. Two days later, she requested issuance of citation. Gibson was served on April 11, 2017. On April 18, Gibson filed an answer and the motion to dismiss.[2]

The motion to dismiss sought to invoke the trial court's inherent power and its authority under Rule 165a of the Texas Rules of Civil Procedure.[3] Gibson alleged (1) that Shelby failed to exercise due diligence in serving the defendant, (2) that the plaintiff filed suit the day before limitations ran, and (3) that because of her lack of diligence, Gibson was entitled to have the case dismissed with prejudice.

---

[1]*Prudential Ins. Co. of Am.*, 148 S.W.3d at 136 (quoting *Walker*, 827 S.W.2d at 842).

[2]Texas law does not include a statutory or procedural rule governing a motion to dismiss for lack of diligence in prosecuting a case at the behest of a party. *Cf.* TEX. R. CIV. P. 165a.

[3]Gibson did not attempt to invoke Rule 91a of the Texas Rules of Civil Procedure regarding dismissal of baseless causes of action. *See* TEX. R. CIV. P. 91a.

At the hearing on the motion to dismiss, neither side presented testimony or evidence; counsel for the two sides simply presented argument to the trial court. When asked if she had been prejudiced, Gibson offered a general statement that where there is such a delay after filing suit, "there's inherent prejudice to the Defendant because memories fade, and the longer it takes to try something, the more likely there is that there will be problems remembering what happened, the evidence will be stale, that sort of thing." Gibson said she would like to conduct discovery. Regarding her late service of citation upon Gibson, Shelby said:

> Your Honor, we filed this action within the statute of limitations. I was working with an adjuster for Safeco at that point in time. She told me she would accept service after I filed the suit, so I sent her a copy via email. Didn't really think about it anymore after that. I assumed that an answer would be filed, and it wasn't. After I found out that an answer wasn't on file, we served her.

Shelby said she was ready for trial. The trial court denied Gibson's motion to dismiss and told the parties to confer and set a trial date "by December."

### III. The Trial Court had Discretion to Deny the Motion to Dismiss

"Trial courts are generally granted considerable discretion when it comes to managing their dockets. Such discretion, however, is not absolute." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015). "A trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (quoting *Walker*, 827 S.W.2d at 839).

Gibson has presented this Court with no authority that the trial court had a ministerial duty to dismiss Shelby's suit. Gibson cited several cases where plaintiffs' suits were dismissed for

4

failure to pursue citation with due diligence. Those cases involve summary judgment proceedings.[4] In such cases, evidence was provided as to the date of service and actions taken by the plaintiff to obtain service. In contrast, here, there are only pleadings and arguments of the parties.

The only case involving mandamus relief cited by Shelby involves a trial court ordering a paternity test well after the statutorily allowed date. *In re Rodriguez*, 248 S.W.3d 444 (Tex. App.—Dallas 2008, orig. proceeding). Mandamus relief was granted there, but the case is otherwise generally inapposite to the situation between Gibson and Shelby. In *Rodriguez*, Husband alleged that he was not the father of the two children born during the course of his marriage to Wife, and he sought a paternity test to prove his allegation. Section 160.607 of the Texas Family Code prohibits paternity challenges more than four years after a child's birth, TEX. FAM. CODE ANN. § 160.607 (West 2014), and Husband's request for paternity testing was made more than four years after the children were born. Husband alleged that Wife fraudulently concealed the true paternity of the children from him and that such fraud operated to toll the four-year statutory limitation period. The Texas Supreme Court ultimately found that Husband had offered no evidence entitling him to the statutory exceptions that would have authorized the out-of-time testing he sought.

Since *Rodriguez* involved a clear statutory prohibition and there was no evidence in the record meriting an exception to the preclusion of paternity testing after four years, the trial court

---

[4]*E.g.*, *Proulx v. Wells*, 235 S.W.3d 213 (Tex. 2007); *Weaver v. EZ Mart*, 942 S.W.2d 167 (Tex. App.—Texarkana 1997, no writ); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990).

5

clearly acted "without reference to any guiding rules and principles,"[5] in ordering testing. Here, no evidence was adduced before the trial court, and the record before us does not reveal a ministerial duty on that court's part. Gibson has another avenue to pursue, i.e., she could seek a summary judgment. A summary judgment proceeding entails an established procedure whereby both parties may present documents, depositions, and/or affidavits in support of their relative positions. But, in the absence of conclusive evidence before the trial court, we cannot say that the trial court had a ministerial duty to grant the motion to dismiss. A denial of a motion to dismiss is usually not susceptible to mandamus relief. *See Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding).

Gibson also relied on Rule 165a as a rationale for the motion to dismiss Shelby's suit. *See* TEX. R. CIV. P. 165a. Rule 165a, which provides a discretionary avenue for a trial court to dismiss, states, "A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a. The rule provides a procedure for a court to notify litigants of the court's "intention to dismiss," along with the date and time of hearing on the matter. TEX. R. CIV. P. 165a. By design, this rule is invoked by the trial court, not the parties. At the mandated hearing, "the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." TEX. R. CIV. P. 165a. While the rule uses the word "shall," it is the court's discretionary decision to determine if good cause exists. Here, the trial court had previously exercised its

---

[5]*Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999).

authority under Rule 165a and declined to dismiss plaintiff Shelby's cause of action. Because the exercise of authority was discretionary, it did not involve a ministerial duty.

## IV.     Denial of Dismissal not Generally Basis for Mandamus

Additionally, it is not clear that Gibson lacks an adequate remedy by appeal. "Absent extraordinary circumstances not present here, a denial of a motion to dismiss or a plea in abatement is a ruling incident to the ordinary trial process which will not be corrected by mandamus, but by the legal remedy of the ordinary appellate process." *Hooks*, 808 S.W.2d at 59. "[M]andamus review is not—and should not be—an easily wielded tool, but such review of significant rulings in exceptional cases may be essential to, among other things, 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299 (Tex. 2016)[6] (quoting *Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). In *J.B. Hunt Transportation, Incorporated*, mandamus was available because "[p]ermitting a case to proceed in the wrong court necessarily costs 'private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* at 299 (quoting *Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

Here, Gibson can appeal the trial court's ruling after the case has been litigated. "An appellate remedy is not inadequate because it may involve more expense or delay than obtaining

---

[6]In *J.B. Hunt Transportation, Incorporated*, mandamus was conditionally granted where a Waller County court, in which J.B. Hunt filed suit, was held to have dominant jurisdiction; the other party to the case had filed suit in Dallas County.

an extraordinary writ, rather it is inadequate only when parties stand to lose their substantial rights." *In re Lumbermen's Underwriting All.*, 421 S.W.3d 289, 295 (Tex. App.—Texarkana 2014, no pet.) (citing *Walker*, 827 S.W.2d at 842).[7]

In balancing the benefits versus detriments in a mandamus request, "we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008). Further, "on rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional." *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). We are presented here with nothing to suggest Gibson is at risk of losing important substantive or procedural rights.

Motions for summary judgment are commonly used to present the issue confronted here; we have found no cases resolving this issue by a motion to dismiss. In judging the benefits versus the detriments of granting a mandamus request, we believe there is merit in utilizing the traditional and well-established method of resolving this issue by the established procedure outlined in Rule 166a. *See* TEX. R. CIV. P. 166a.

---

[7]Specifically, *Walker* stated:

> We further hold that an appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. As we observed in *Iley v. Hughes*, the "delay in getting questions decided through the appellate process . . . will not justify intervention by appellate courts through the extraordinary writ of mandamus. Interference is justified only when parties stand to lose their substantial rights."

*Walker*, 827 S.W.2d at 842 (quoting *Iley v. Hughes*, 311 S.W.2d 648, 652 (Tex. 1958)).

We can find neither that the act Gibson seeks to compel was ministerial in nature nor that the situation at bar presents such a significant or exceptional circumstance as to require the extraordinary relief of mandamus. *See generally Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. We deny the petition for writ of mandamus.


Jack Carter
Justice


Date Submitted:     October 23, 2017
Date Decided:       October 24, 2017

9