

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00185-CV

---

IN RE BERTHA ARCE, RELATOR

---

Original Proceeding
Arising From Proceedings Before the 46th District Court
Hardeman County, Texas
Trial Court No. 11529, Honorable Cornell Curtis, Presiding

---

January 31, 2025

OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

In this original proceeding, Relator Bertha Arce seeks mandamus relief directing Relator, Honorable Cornell Curtis, district judge of the 46th District Court of Hardeman County, to vacate his March 25, 2024 discovery order and compel broader class certification discovery from real party in interest, American National Insurance Company ("ANIC"). We deny the petition.

**Background**

In January 2017, ANIC issued a $25,000 life insurance policy to Sergio Arce, Jr., who named Bertha as beneficiary. Thirteen days after the policy issued, Sergio died in a

car accident. When Bertha filed a claim for benefits, ANIC denied it based on an alleged misrepresentation, citing Sergio's failure to disclose a prior hepatitis C diagnosis in his application.

Bertha originally sued ANIC for breach of contract, violations of the Texas Insurance Code, and fraud. In 2019, Bertha amended her pleadings to pursue class certification against ANIC. ANIC answered and moved for summary judgment, arguing it could rescind the policy based on material misstatements in the application without necessarily proving that Sergio intended to deceive. The trial court granted summary judgment in favor of ANIC, but this Court reversed, holding in part that the common law required ANIC to plead and prove intent to deceive, and that it failed to do so. *Arce v. Am. Nat'l Ins. Co.*, 633 S.W.3d 228, 236 (Tex. App.—Amarillo 2021)*, aff'd in part, rev'd in part*, 672 S.W.3d 347 (Tex. 2023). ANIC then appealed to the Supreme Court of Texas, which affirmed our holding, in part. 672 S.W.3d at 359–60.

Following remand, Relator amended her pleadings to seek a Rule 42(b)(2) class.[1] Relator served class certification discovery via interrogatories and requests for production of documents from 2008 to the present involving policies denied by ANIC due to alleged misrepresentations.[2] Though ANIC objected, it disclosed approximately 650 claims totaling $18 million in denied benefits that fell within this category. Bertha moved to

---

[1] Rule 42 requires a class action plaintiff to prove numerosity, commonality, typicality, and adequacy of representation. TEX. R. CIV. P. 42(a). For declaratory or injunctive relief classes under Rule 42(b)(2), the plaintiff must also show that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." TEX. R. CIV. P. 42(b)(2).

[2] Relator sought "each claim file including evaluations, chronologies, records, notes, investigations, denials, and correspondence for any claim denied based on an applicant's alleged misrepresentation and/or a misrepresentation defense during the class period." She also requested documents supporting ANIC's interrogatory answers about class certification elements.

compel full production.  Respondent initially denied the motion to compel in December 2023.  In March 2024, after receiving additional briefing from the parties, Respondent signed an order that partially granted relief.  It ordered ANIC to:

1. For claims that were denied due to an applicant allegedly making a material misrepresentation, produce every tenth denial letter[3] from February 2017 forward (with identifying information redacted); and

2. Provide limited interrogatory responses about some class certification elements (*i.e.,* commonality, predominance, superiority, typicality, representativeness, class counsel, cohesiveness) that ANIC contends Bertha does not meet.

Respondent also set deadlines, requiring ANIC to produce responsive answers and documents within thirty days.  It also required Relator to file a certification motion by what is calculated to be May 28 with a hearing before July 25, 2024.  Any additional briefing was to be submitted in print or PDF format.  The court deferred setting a trial schedule until after ruling on certification.

ANIC served Bertha with its amended responses and additional discovery documents.[4]  Rather than return to the trial court to complain of ANIC's compliance, and without ever filing the court-ordered motion or setting the certification hearing, Relator filed an original proceeding in this Court to challenge the discovery ruling.  Through this petition, Relator contends these limitations severely restrict her ability to prove Rule 42's certification prerequisites.  She argues:

---

[3] Notably, the language in the order does not require ANIC to produce the claim file materials.

[4] ANIC's production of 760 pages included denial letters, insurance applications, death certificates, supporting documentation like medical records, and premium refund records for death benefits refused due to alleged misrepresentations by the applicant.

- ANIC made misrepresentations to the trial court, resulting in Respondent being "predisposed against class certification discovery, class certifications, and class actions";

- "Without full and complete class certification discovery,[5] [Relator] is precluded from filing an effective and comprehensive class certification motion which requires the identification and treatment of Rule 42(a) elements, and evidence/information to support certification";

- The temporal limitation on available discovery ignores evidence suggesting ANIC's practices span a longer period;

- Sampling only every tenth denial letter not only lacks a reliable methodology, but is also unreasonable, arbitrary, and inadequate for satisfying Relator's Rule 42(a) prerequisites;

- The trial court was obliged to overrule ANIC's objections because they were meritless and unsupported;

- The trial court's compressed deadlines deny Relator sufficient time to test, validate, and challenge the discovery ANIC has provided; and

- Relator lacks an adequate remedy by appeal.

**Analysis**

Mandamus is extraordinary relief, available only if a relator shows both clear abuse of discretion by the trial court and no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). Generally, a trial court's discovery rulings are not reviewable by mandamus. *In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding). The Supreme Court has cautioned that using writs of mandamus to review incidental interlocutory rulings interferes with trial court proceedings, distracts appellate courts from issues important to final disposition and

---

[5] Relator contends she needs the entire claim file, including information such as "an investigation, claims notes, records, analysis, contacts with persons, correspondence, a description of the alleged misrepresentation, evidence or information supporting a misrepresentation including an intent to deceive, statements, the life insurance application, internal communications, a workup of the claim, applicable ANIC claims policies and procedures, reserves, underwriting information, and other details."

uniform development of the law, and "adds unproductively to the expense and delay of civil litigation." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

When assessing which cases merit mandamus review, the Supreme Court of Texas has moved away from a categorical approach and toward balancing the benefits and detriments of review according to each case. *See In re McAllen Med. Ctr.*, 275 S.W.3d 458, 468–69 (Tex. 2008) (orig. proceeding) (discussing ad hoc categorical approach developed following *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding)). An appellate remedy is "adequate," defeating mandamus relief, when the benefits of such review are outweighed by its detriments based on the specific facts presented and necessary issues for consideration. *Prudential*, 148 S.W.3d at 136; *In re Yorkshire Ins. Co., Ltd.*, 337 S.W.3d 361, 364–65 (Tex. App.—Amarillo 2011, orig. proceeding). While the record suggests the trial court may have unduly restricted discovery of ANIC's claims processing and Rule 42(a) elements, we need not decide whether this was an abuse of discretion because Relator has not established she lacks an adequate appellate remedy. Several factors weigh against mandamus relief.

First among several equitable considerations, Relator seeks certification discovery, not merits discovery. Trial courts have broad discretion to limit pre-certification discovery to obtain and present a fair factual sketch of certification elements. *See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 182, 185 (Tex. 1999).[6] While Relator demands

---

[6] (citing *Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 571–72 (2d Cir.1982) ( "In making a certification decision, a judge must look somewhere 'between the pleadings and the fruits of discovery . . . . [E]nough must be laid bare to let the judge survey the factual scene on a kind of sketchy relief map,

"full and complete" discovery and ANIC correspondingly urges no discovery is proper, Respondent elected to pursue a middle path. The trial court's decision sought to balance the discovery's likely benefit against burden and expense, considering case needs, amount in controversy, parties' resources, and the importance of the issues and proposed discovery. *Id.*; TEX. R. CIV. P. 192.4. Using our mandamus jurisdiction to scrutinize the gradations of the trial court's discovery order risks entangling the Court in precisely the incidental discovery management decisions *Prudential* teaches against. 148 S.W.3d at 136.

Second, unlike other discovery-related original proceedings involving inordinate trial delays and wasted resources, the parties already have a statutory shortcut to the appellate courthouse, via interlocutory appeal of the trial court's class certification ruling. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3) (permitting interlocutory appeal from a trial court order certifying or refusing to certify a class brought under Rule 42). "Mandamus is meant for circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (orig. proceeding) (cleaned up). We are loathe to use the equitable process of mandamus to circumvent a process adopted by the people through their legislative representatives. *See In re McAllen Med. Ctr.*, 275 S.W.3d at 466–69.

This available statutory remedy particularly counsels against mandamus relief here. Interlocutory appeal is not yet available, but it is only because Relator has neither

---

leaving for later review the myriad of details that cover the terrain.'") (quoting *Professional Adjusting Sys. of Am., Inc. v. General Adjustment Bureau, Inc.,* 64 F.R.D. 35, 38 (S.D.N.Y.1974)).

filed the court-requested motion for class certification nor set determination of the motion for hearing. Moreover, although she is not required to do so as a means of "preserving" the issue before our Court, Relator has not given the trial court an opportunity to reassess the scope of its class discovery ruling in light of the information actually produced by ANIC. As discussed above, the purpose of class certification discovery is to develop evidence regarding Rule 42's elements. The trial court, if presented with ANIC's actual discovery responses, could well determine additional discovery is warranted. Unlike in *In re Allied Chem. Corp.*, 227 S.W.3d at 657–58, where the trial court inexplicably delayed the party's right to obtain crucial evidence until days before trial, Relator has not filed any objection to the deadlines for motion and hearing as premature. Notwithstanding Relator's rhetoric that the trial court's order "reflects an intent to set [her] up for failure as part of the defense playbook," the Respondent trial court has demonstrated willingness to permit discovery while imposing management limits. Nothing in the record suggests Respondent's unwillingness to modify the limits on discovery if Relator demonstrates specific inadequacies in the produced discovery. We decline to speculate through mandamus about the futility of requesting Respondent for additional discovery or time when Relator has not done so. *See In re Capitol Cnty. Mut. Fire Ins. Co.*, No. 14-09-00904-CV, 2010 Tex. App. LEXIS 3060, at *8–9 (Tex. App.—Houston [14th Dist.] Apr. 27, 2010, no pet.) (per curiam) (mem. op.) (denying mandamus where relator failed to show raising complaints in trial court would have been futile).[7]

---

[7] *See also In re Abney*, 486 S.W.3d 135, 138 (Tex. App.—Amarillo 2016, orig. proceeding) ("Arguments withheld from the trial court will not first be considered in a petition for writ of mandamus."); *In re Johnson*, No. 12-24-00152-CV, 2024 Tex. App. LEXIS 6151, at *5–6 (Tex. App.—Tyler Aug. 15, 2024, orig. proceeding) (mem. op.) (denying mandamus petition brought by party complaining of trial court's

Despite our disinclination to intervene in this case, we recognize that mandamus relief may be warranted in exceptional discovery disputes. For example, the Supreme Court has held a party can lack an adequate appellate remedy when a discovery order effectively denies a reasonable opportunity to develop a matter going to the heart of a party's case <u>and</u> the omitted discovery prevents the appellate court from assessing harm. *See In re Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d 170, 176 (Tex. 2023) (orig. proceeding) (per curiam) (finding no adequate remedy on appeal when information subject of discovery ruling is in hands of third parties); *In re ExxonMobil Corp.*, 635 S.W.3d 631, 636 (Tex. 2021) (orig. proceeding) (per curiam) (same); *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (per curiam) (same). But this is not such a case. Here, the discovery Relator seeks is within the possession and control of ANIC, a party properly before the trial court. Should Relator challenge the trial court's certification decision by interlocutory appeal, she is not prevented from presenting a record in the same way a party seeking third party discovery would be.

Nor does this case fall into other limited circumstances in which the Supreme Court has found an appellate remedy inadequate due to irreparable harm.[8] Courts have granted mandamus relief when:

---

discovery order because complaint about completeness of response was not first presented to the trial court).

[8] *See Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex. 1994) (orig. proceeding) (holding that a relator demonstrates the lack of an adequate remedy by appeal "only when parties are in danger of permanently losing substantial rights. It is not satisfied by a mere showing that appeal would involve more expense or delay than obtaining a writ of mandamus."). Although special appearance rulings are now subject to interlocutory appeal, the general holding in *Canadian Helicopters* remains firm. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7). *See John M. O'Quinn, P.C. v. Wood*, 244 S.W.3d 549, 555 (Tex. App.—Tyler 2007, no pet.) (holding that trial court's denial of motion to vacate arbitration decision on class certification was subject to review on appeal, rendering mandamus relief inappropriate).

- A discovery order imposes a burden on one party far out of proportion to any benefit to the other. *See In re Alford Chevrolet-Geo*, 997 S.W.2d at 181; *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding). In *Able Supply*, a complex mass tort case with over 3,000 plaintiffs and 300 defendants, the trial court's discovery order made defendants wait until 30 days before trial when they would learn which defendants were implicated in the suit. In *Allied Chemical*, the trial court set a trial date that forced 30 defendants to prepare for 1,900 claims with no information linking their products to the alleged injuries. The Court found these orders went to the heart of the defense and caused a "monumental waste of judicial resources."

- A venue order disregards the parties' pleadings, law, and facts in a mass tort case. *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding). There, the plaintiffs conceded venue was improper for hundreds of non-resident plaintiffs, but the trial court sua sponte split two cases into sixteen different venue-improper courts. *Id.* at 197–98. The Supreme Court held "exceptional circumstances" justified mandamus because, unlike ordinary venue error burdening only the parties and court, the trial court's order "wrongfully burdened fourteen other courts in fourteen other counties, hundreds of potential jurors in those counties, and thousands of taxpayer dollars in those counties." *Id.* at 199.

In contrast to these extreme situations, the mandamus record does not support a finding that the trial court's discovery limitations will irreversibly prejudice any party's ability to obtain meaningful appellate review. Relator has received a sample of relevant claim files and some interrogatory responses on the Rule 42 certification elements. While Relator is dissatisfied with the extent of those responses, this is not a case where she has been forced on the eve of an impending trial to prepare her entire case without access to the factual underpinnings of her claims. Nor is there a risk of monumental waste of judicial and public resources. Should Relator find the produced discovery inadequate, nothing prevents her from seeking additional discovery from the trial court to prepare her certification motion. And if Respondent's certification decision is adverse to Relator, she will have the opportunity to challenge the sufficiency of the underlying discovery as part of an accelerated interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN.

9

§ 51.014(a)(3).  We thus cannot conclude that an appeal would be inadequate to address Relator's complaint about the scope of pre-certification discovery or time for preparation. *See In re Yorkshire Ins. Co.*, 337 S.W.3d at 365 (holding that despite relator's desire to obtain other documents vital to their defense, "we cannot conclude this evidence is of such a vital nature as to justify this Court's interlocutory interference with the trial court's discovery rulings.").

## Conclusion

Mandamus is not a proper mechanism for bypassing the appellate process simply because it may be more expedient or convenient.  *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990) (orig. proceeding) (per curiam).  Because Relator has not shown she lacks an adequate remedy by appeal, we deny the petition for writ of mandamus.

Lawrence M. Doss
Justice

Yarbrough, J., dissenting.

10