**DENY; and Opinion Filed May 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00502-CV

### IN RE GURDARSHAN BRAR, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-00547-2014**

## OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Schenck

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its January 9, 2015 order denying relator's plea to the jurisdiction, vacate its March 16, 2015 order granting summary judgment declaring Brar is not president of the non-profit corporation that is at the center of this dispute, dismiss the declaratory judgment portion of this action for lack of subject matter jurisdiction, and instruct the trial judge that he must continue to hear pleas to the jurisdiction. Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). We conclude the relator has failed to establish a right to relief at this time.

In accordance with the supreme court's rejection of a "categorical approach" to the determination of when mandamus relief is appropriate, *see In re McAllen Medical Center., Inc.,* 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding), we have previously noted that where the petition for writ of mandamus would frustrate, rather than enhance, the efficient resolution of the case as a whole, the appropriate channel for review of a trial court's order is appeal. *In re City of Dallas*, 445 S.W.3d 456, 463 (Tex. App.—Dallas 2014, orig. proceeding). This case presents such a situation.

We need not delve into the precise contours of quo warranto law and the manner in which it intersects with declaratory relief to reach this conclusion. The trial court has granted summary judgment declaring Brar is not president of the non-profit corporation without presently effecting his removal. Whether the trial court's determination of the motion for summary judgment was correct or incorrect is a matter that may one day be presented on appeal and that overlaps significantly with the determination of the merits of the plea to the jurisdiction.

All of the traditional reasons for denying mandamus relief in cases involving incidental rulings apply with compelling force here. As the supreme court has noted, "Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." *In re Prudential Ins. Co. of Am.*, 148 at 136; *see also In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding) ("The reluctance to issue extraordinary writs to correct incidental trial court rulings can be traced to a desire to prevent parties from attempting to use the writ as a substitute for an authorized appeal."); *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex. 1969) (orig. proceeding) ("Trials must be orderly; and constant interruption of the trial process by appellate courts would destroy all

semblance of orderly trial proceedings. Moreover, with this type of intervention, the fundamental concept of all American judicial systems of trial and appeal would become outmoded.").

In contrast, none of the traditional benefits of mandamus review are relevant in this case. The posture of the case as it now stands means that relator will not be required to proceed to trial on the claim he sought to dismiss via his jurisdictional plea. To the degree relator has a right, otherwise sounding in mandamus, not to be compelled to go to trial on the declaratory judgment claim, the posture of the case means he will not be required to do so. If this Court, on appeal, later determines the trial court incorrectly granted summary judgment and incorrectly denied the plea to the jurisdiction, that decision in itself will preserve the right the relator seeks to assert. For the same reason, even to the very limited extent that the added costs of going to trial might in some exceptionally burdensome situations militate towards mandamus relief, considerations of waste of public and private resources from improperly conducted proceedings are also not implicated in this case because the declaratory claim has been determined and simply awaits disposition of the remainder of the case, which was not subject to the plea to the jurisdiction.

This case is also not one that will allow the Court to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments. Unlike orders that may be reviewed effectively only if reviewed on an interlocutory basis before the order becomes effective, the issue relator asserts in this petition will survive through appeal of the remaining issues in the case. Granting the relief relator seeks would result in nothing more than the piecemeal resolution of the suit. In sum, this is not the sort of exceptional case that warrants the extraordinary remedy of mandamus review.

Finally, we need not determine at this juncture whether the trial judge should be compelled to hear further jurisdictional pleas. The mandamus record does not demonstrate that relator has filed any new jurisdictional pleas the trial court has refused to consider.

We deny the petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8.


                                              /David J. Schenck/
                                              DAVID J. SCHENCK
                                              JUSTICE


150502F.P05