**Opinion filed December 13, 2018**



### In The

# Eleventh Court of Appeals

_____

## No. 11-18-00091-CV

_____

## IN RE DAN DIPPREY, CURTIS PRIDDY,
## KEN HILL, AND KEN HILL INVESTMENT GROUP, INC.

---

### Original Mandamus Proceeding

---

### O P I N I O N

This mandamus proceeding arises from a suit filed by Relators: Dan Dipprey, Curtis Priddy, Ken Hill, and Ken Hill Investment Group, Inc. Relators are members of a property owners association known as The Cliffs Property Owners' Association, Inc. They filed suit against the real parties in interest: Double Diamond, Inc., Double Diamond Management Corporation, Double Diamond Utilities Co., R. Mike Ward, and Cliffs Golf, Inc., concerning the governance of the property owners association. We note at the outset that the property owners association is not a party to either the underlying suit or this original proceeding.

Relators have filed a petition for writ of mandamus seeking to vacate the trial court's order of March 28, 2018. Among other things, this order sets out a ruling by

the trial court concerning the tabulation of votes for owners of timeshare estates at a meeting of the members of the property owners association. This meeting was to occur during the pendency of the underlying suit.[1] Relators contend that the trial court has erred in its construction of the articles of incorporation of the bylaws and of the property owners association with respect to the tabulation of votes. We deny Relators' request for mandamus relief.

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). With respect to the first requirement, a trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). In addition, because a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails to correctly analyze or apply the law. *See Prudential*, 148 S.W.3d at 135; *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding). With respect to the second requirement, the cost and delay of pursuing an appeal will not, in themselves, render appeal an inadequate alternative to mandamus review. *In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004) (orig. proceeding). We do not reach Relators' contention that the trial court has clearly abused its discretion

---

[1]The trial court's order of March 28, 2018, is also the subject of an interlocutory appeal filed by the real parties in interest as Cause No. 11-18-00105-CV. Our opinion in this original proceeding has no bearing on the merits of the interlocutory appeal.

because we conclude that Relators have not established that they do not have an adequate remedy by appeal.[2]

The trial court's ruling that is the subject of this original proceeding is an interlocutory ruling by the trial court made during the pendency of the underlying suit. The adequacy of appeal as a remedy for an alleged clear abuse of discretion in an interlocutory ruling involves a balance of jurisprudential considerations. *In re Prudential*, 148 S.W.3d at 136. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *Id.* When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *Id.*

"As a general rule, mandamus does not lie to correct incidental trial court rulings when there is a remedy by appeal." *In re Entergy*, 142 S.W.3d at 320 (citing *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990)). As noted by the Texas Supreme Court in *In re Prudential*:

> Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation.

148 S.W.3d at 136. "The reluctance to issue extraordinary writs to correct incidental trial court rulings can be traced to a desire to prevent parties from attempting to use the writ as a substitute for an authorized appeal." *In re Entergy*, 142 S.W.3d at 320. Appellate courts will not exercise mandamus jurisdiction over interlocutory trial court rulings absent "special, unique circumstances" that mandate intervention. *Id.* at 321.

---

[2]We express no opinion concerning whether the trial court has correctly interpreted the articles of incorporation and bylaws. As noted in our opinion, this is an issue that we have not reached.

An appeal is inadequate when parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding). "Such a danger arises when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record." *Id.* As observed by the Austin Court of Appeals, "the most frequent use of mandamus relief by the supreme court involves cases in which the very act of proceeding to trial— regardless of the outcome—would defeat the substantive right involved." *In re Empower Texans, Inc.*, No. 03-18-00220-CV, 2018 WL 1802515, at *3 (Tex. App.—Austin Apr. 17, 2018, orig. proceeding) (mem. op.) (listing the circumstances wherein the supreme court has recently granted mandamus relief for interlocutory trial court rulings).

Relators contend that they do not have an adequate remedy by appeal because the trial court's order "may well determine the governance" of the property owners association. They assert that this situation is similar to cases involving injunctions and the requirement of showing irreparable harm. *See Sonwalker v. St. Luke's Sugar Land Partnership, L.L.P.*, 394 S.W.3d 186, 201 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (cited by Relators). Relators essentially assert that they will be irreparably harmed by the trial court's legal interpretation for tabulating votes of the members.

We disagree with Relators' analysis that their position will be irreparably harmed. The proper tabulation of votes is a matter that can be litigated at the trial on the merits which has not yet occurred. We note that Relators have subsequently relitigated the legal question presented in this mandamus proceeding in a hearing before the trial court on June 21, 2018. Furthermore, the trial court's ruling would not seem to impair Relators' presentation of evidence at trial or their ability to litigate

the matter on appeal. It would appear that all votes/proxies cast can be preserved for the trial court or jury to consider at the trial on the merits.

The trial court's task of interpreting the articles of incorporation and bylaws for the property owners association is one typically undertaken by a trial court in the summary judgment context. Issues resolved by summary judgment are typically not subject to mandamus review. *See In re Gibson*, 533 S.W.3d 916, 921 (Tex. App.—Texarkana 2017, orig. proceeding). Any error arising from an incidental trial court ruling concerning the legal interpretation of documents is a matter that typically can be corrected on appeal. To hold otherwise would be permitting Relators to pursue an impermissible interlocutory appeal of the trial court's interlocutory order. *See In re Entergy*, 142 S.W.3d at 320; *see also In re Brar*, 463 S.W.3d 921, 923 (Tex. App.—Dallas 2015, orig. proceeding) ("Granting the relief relator seeks would result in nothing more than the piecemeal resolution of the suit."). Accordingly, we deny Relators' requested mandamus relief solely on the basis that this is not the sort of exceptional case that warrants the extraordinary remedy of mandamus.


JOHN M. BAILEY
CHIEF JUSTICE

December 13, 2018

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

5