

# NUMBER 13-26-00356-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE ANDES GLOBAL TRADING, LLC, SMITHFIELD FOODS, INC., SMITHFIELD FRESH MEATS CORP., SMITHFIELD FRESH MEATS SALES CORP., AND SMITHFIELD DIRECT LLC

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

By petition for writ of mandamus, relators Andes Global Trading, LLC (Andes),

Smithfield Foods, Inc., Smithfield Fresh Meats Corp., Smithfield Fresh Meats Sales Corp.,

and Smithfield Direct LLC (collectively Smithfield) assert that the trial court[2] "failed to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-3574-22-E in the 275th District Court of Hidalgo County, Texas, and the respondent is the Honorable Marla Cuellar. *See id.* R. 52.2.

comply with its legal, nondiscretionary duty to consider and rule within a reasonable time on properly filed special appearances." We dismiss the petition for writ of mandamus as moot in part as to Andes, and we conditionally grant the petition for writ of mandamus in part as to Smithfield.

## I. BACKGROUND

On September 13, 2022, real party in interest Victor Cavazos Arena filed suit in Hidalgo County, Texas, against CP3 Transport Services, LLC (CP3 Transport), Hidalgo Cold Storage, Inc. (Hidalgo Cold Storage), Andes, and Smithfield alleging that he sustained severe personal injuries while working at a pork processing plant in North Carolina. On October 24, 2022, Smithfield filed a special appearance, and on November 7, 2022, Andes filed a special appearance. *See* TEX. R. CIV. P. 120a. Smithfield and Andes argued that the trial court lacked both general and specific jurisdiction over them. *See, e.g.*, *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795–96 (Tex. 2002).

On November 7, 2022, and on December 19, 2022, the trial court signed orders respectively setting Smithfield's and Andes's special appearances for hearing on January 10, 2023. However, on January 9, 2023, Smithfield and Andes agreed to pass the hearing date for their special appearances to allow Arena to conduct jurisdictional discovery. On January 11, 2023, and on July 25, 2023, the trial court signed orders respectively resetting Andes's and Smithfield's special appearances for hearing on October 17, 2023.

On October 17, 2023, the trial court held its hearing on the special appearances and indicated that it would subsequently issue its rulings. Counsel for Smithfield and Andes thereafter "reached out to the trial court via phone calls on multiple occasions in an attempt to obtain the status of ruling on the [s]pecial [a]ppearances." Counsel for

2

Smithfield also made "multiple in-person visits to the trial court to inquire about the status of [the trial court's] ruling." However, the trial court did not issue a ruling on either special appearance.

On November 5, 2024, Smithfield filed a motion requesting the trial court to provide the parties with the status of the trial court's ruling on its special appearance. The trial court advised Andes that it did not need to file a separate motion for the trial court to consider its special appearance in connection with Smithfield's motion. On November 8, 2024, the trial court set Smithfield's motion for hearing on December 18, 2024. The trial court subsequently cancelled that hearing and reset it for Friday, December 20, 2024. Counsel for Smithfield and Andes were not available for a hearing on December 20, 2024, and they thus agreed to reset this hearing.

The trial court reset the hearing on Smithfield's motion for February 4, 2025; however, the trial court cancelled that hearing and advised the parties that it planned to consider the special appearances by submission on February 18, 2025, at which time it would issue its rulings. The trial court did not issue any rulings, though, and Andes's and Smithfield's counsel, by declarations, testified that they made "multiple efforts" to obtain a new hearing "for the same reset." On February 4, 2026, Smithfield and Andes filed a joint request asking the trial court to rule on the special appearances within a month; however, the trial court did not issue a ruling.

On May 5, 2026, Smithfield and Andes filed this petition for writ of mandamus asserting that the trial court abused its discretion by failing to rule on their special appearances. The Court ordered the real parties in interest, Arena, CP3 Transport, and Hidalgo Cold Storage, and any others whose interests might be affected by the relief

3

sought, to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8. Hidalgo Cold Storage filed a response to the petition for writ of mandamus, and Smithfield filed a reply thereto. *See id.* R. 52.5. Andes thereafter filed a motion to dismiss its complaints in this original proceeding.

## II.     MANDAMUS

Mandamus relief is an extraordinary remedy available only when (1) the trial court clearly abused its discretion, and (2) the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding).

## III.     ANDES

As stated previously, Andes filed a motion to dismiss its complaints in this original proceeding. According to Andes, the trial court granted its special appearance by order signed on May 13, 2026, thereby rendering the petition for writ of mandamus as moot regarding its claims.

The Court, having examined and fully considered the petition for writ of mandamus and Andes's motion, is of the opinion that Andes's motion should be granted. *See In re*

4

*Cont. Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam); *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Accordingly, we grant Andes's motion, and we dismiss its claims in this original proceeding as moot.

## IV. SMITHFIELD

Smithfield asserts that the trial court abused its discretion by failing to timely rule on its special appearance. In contrast, Hidalgo Cold Storage asserts that "the record reflects ongoing case management in a procedurally complex, multi-party lawsuit involving jurisdictional discovery, agreed resets, and continued coordination among counsel and the trial court." Hidalgo Cold Storage further asserts that the trial court "has not refused to rule, and extraordinary mandamus relief is therefore moot and inappropriate."

### A. Failure to Rule

The trial court has a ministerial duty to consider and rule on motions that are properly filed and pending before it, and mandamus may issue to compel the trial court to act. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam); *In re Regency Nursing Ctr. Partners of Edinburg Ltd.*, No. 13-25-00449-CV, 2025 WL 2858118, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 8, 2025, orig. proceeding) (mem. op.); *In re Liverman*, 658 S.W.3d 881, 882 (Tex. App.—El Paso 2022, orig. proceeding); *In re Robbins*, 622 S.W.3d 600, 601 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). To obtain relief for the trial court's failure to rule on a motion, the relator must establish: (1) the motion was properly filed and the trial court had a legal duty to rule; (2) the relator requested a ruling on the motion; and (3) the trial court failed or

5

refused to rule within a reasonable time. *In re 7-Eleven, Inc.*, No. 13-26-00114-CV, 2026 WL 482448, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 19, 2026, orig. proceeding) (mem. op.); *In re Liverman*, 658 S.W.3d at 882; *In re Robbins*, 622 S.W.3d at 601. The relator must show that the trial court was aware of the motion and relator asked the trial court to issue a ruling. *In re Liverman*, 658 S.W.3d at 882–83; *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding).

We determine whether a reasonable time for the trial court to act has elapsed based on the facts and circumstances of each case. *In re Regency Nursing Ctr. Partners of Edinburg Ltd.*, 2025 WL 2858118, at *4; *In re GTG Sols.*, Inc., 642 S.W.3d 47, 50 (Tex. App.—El Paso 2021, orig. proceeding). "We examine several criteria, including the seriousness and complexity of the pending motion, the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *In re ADUSA Transp. LLC*, No. 13-25-00146-CV, 2025 WL 1351539, at *2 (Tex. App.—Corpus Christi–Edinburg May 8, 2025, orig. proceeding) (mem. op.). We determine each case "based upon the totality of the facts and circumstances." *In re GTG Sols., Inc.*, 642 S.W.3d at 50; *see In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2.

## B. Analysis

As noted, Hidalgo Cold Storage asserts that mandamus relief is unavailable because Smithfield has not established that the trial court "expressly refused to rule" on Smithfield's special appearance. However, such a showing is not required. Rather,

6

Smithfield need only show that the trial court "failed or refused" to rule within a reasonable time. *See, e.g., In re Robbins*, 622 S.W.3d at 601 (requiring the relator to show that the trial court "failed or refused" to rule); *In re Gibson*, 533 S.W.3d 916, 917 (Tex. App.—Texarkana 2017, orig. proceeding) (same). Accordingly, we examine the record to determine whether Smithfield has established that its special appearance was properly filed, that Smithfield requested a ruling on its special appearance, and that the trial court failed or refused to rule within a reasonable time. *See In re 7-Eleven, Inc.*, 2026 WL 482448, at *3; *In re Liverman*, 658 S.W.3d at 882; *In re Robbins*, 622 S.W.3d at 601.

Here, Smithfield has shown that the trial court received, was aware of, and was asked to rule on its special appearance. *See In re Liverman*, 658 S.W.3d at 882–83; *In re Ramos*, 598 S.W.3d at 473; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748. The record shows that Smithfield filed its special appearance on October 24, 2022; the trial court held its hearing on the special appearance on October 17, 2023; and Smithfield requested a ruling on its special appearances on multiple occasions thereafter through, *inter alia*, a motion filed on November 5, 2024—which was set for hearing, reset, and then cancelled—and a motion filed on February 4, 2026. The record further establishes that the trial court was aware of Smithfield's requests for a ruling, and that the trial court indicated that it planned to issue a ruling at several different points in the case.

Therefore, we consider whether a reasonable time has passed for the trial court to issue its ruling. *See In re Regency Nursing Ctr. Partners of Edinburg Ltd.*, 2025 WL 2858118, at *4; *In re GTG Sols.*, Inc., 642 S.W.3d at 50. More than two and a half years have passed since the trial court held its hearing on Smithfield's special appearance. We

7

conclude that this delay in ruling is objectively unreasonable.[3] Jurisdictional determinations, such as rulings on special appearances, should be made "as soon as practicable." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). In this regard, this Court and others have conditionally granted mandamus relief for far more abbreviated delays in ruling on special appearances. *See In re ADUSA Transp. LLC*, 2025 WL 1351539, at *3 (granting relief for a three-month delay in ruling on a special appearance); *In re Nomarco, Inc.*, No. 14-20-00129-CV, 2020 WL 1181705, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 12, 2020, orig. proceeding) (per curiam) (mem. op.) (granting relief for an eight-to-nine-month delay in ruling on a special appearance); *In re Roland's Roofing Co.*, No. 13-19-00469-CV, 2019 WL 5444399, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2019, orig. proceeding) (mem. op.) (granting relief for an eight-month delay in ruling on a special appearance).

Nevertheless, Hidalgo Cold Storage asserts that mandamus relief is inappropriate because "the record reflects ongoing case management in a procedurally complex, multi-party lawsuit involving continuing jurisdictional coordination." In considering whether the trial court has failed to rule in a reasonable time, we recognize that trial courts have broad discretion in how they conduct business and control their dockets. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *In re Regency Nursing Ctr. Partners of Edinburg Ltd.*, 2025 WL 2858118, at *5; *Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 305 (Tex. App.—San Antonio 2023, no pet.). However, this discretion is not unlimited, and the trial court has a duty to schedule its cases to expeditiously dispose of them. *King Fisher*

---

[3] We note, in this regard, that the Texas Rules of Judicial Administration direct that civil jury cases should "so far as reasonably possible" be brought to trial or final disposition within eighteen months from the appearance date. *See* TEX. R. JUD. ADMIN. 6.1(a)(1). The delay in ruling in this case far exceeds that period.

*Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 930; *In re Marriage of Harrison*, 557 S.W.3d 99, 123 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). We agree with Smithfield that the trial court has not met this obligation in this case, and accordingly, we reject Hidalgo Cold Storage's assertion otherwise.

## C.      Summary

Examining the totality of the facts and circumstances of this case, we conclude that the trial court abused its discretion by failing to rule on Smithfield's special appearance within a reasonable period. *See In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2; *In re GTG Sols., Inc.*, 642 S.W.3d at 50. Further, balancing the benefits of mandamus review against the detriments, we conclude that there is no adequate appellate remedy to address the trial court's failure to rule. *See In re Auburn Creek Ltd. P'ship*, 655 S.W.3d at 843; *In re Regency Nursing Ctr. Partners of Edinburg Ltd.*, 2025 WL 2858118, at *6; *In re Synergy Glob. Outsourcing, LLC*, No. 05-25-00691-CV, 2025 WL 2495043, at *3 (Tex. App.—Dallas Aug. 29, 2025, orig. proceeding) (mem. op.). Accordingly, we sustain the sole issue that Smithfield presented in this original proceeding.

## V.      CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Hidalgo Cold Storage, Andes's motion to dismiss, and the applicable law, is of the opinion that the petition for writ of mandamus is moot, in part, and that it should be granted, in part. Accordingly, we dismiss the petition for writ of mandamus as to Andes. We conditionally grant the petition for writ of mandamus as to Smithfield. We

9

direct the trial court to promptly rule on Smithfield's special appearance. Our writ will be issued only if the trial court fails to act in accordance with this memorandum opinion.

CLARISSA SILVA
Justice

Delivered and filed on the
24th day of June, 2026.